**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

SARAH A. MORRIS,

      Defendant.

No. 25 CV 12619

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Defendant Sarah Morris filed for Chapter 13 bankruptcy in 2014. She received a discharge in 2019 and the Internal Revenue Service released its federal tax liens. The United States has since revoked its release of federal tax liens and now brings a two-count complaint against Morris. The first count seeks a money judgment with respect to defendant's 2005 and 2006 income-tax liabilities. The second count seeks a judgment confirming that the United States has valid pre-petition tax liens attached to defendant's pension and Social Security benefits. Defendant moves to dismiss both claims (or, in the alternative, stay the proceedings while her bankruptcy appeal is pending). For the reasons discussed below, the motion is denied.

## I.   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776

(7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678.

When assessing motions to stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that [she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1055 (7th Cir. 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The first two factors "are the most critical." *Id.* (quoting *Nken*, 556 U.S. at 434).

## II.    Background

Defendant Sarah Morris filed a Chapter 13 bankruptcy petition in 2014. [1] ¶ 4.[1] The bankruptcy court entered a discharge in 2019. [1] ¶ 4. As of 2025, defendant's liabilities for tax and interest have a balance due for the years 2005 and

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1].

2

2006. [1] ¶ 4. Despite notice and demand, Morris neglected or refused to fully pay the liabilities for the 2005 and 2006 income-tax periods, resulting in federal tax liens arising and attaching to Morris's property and rights to property. [1] ¶¶ 5–7.

The IRS included these liens in its 2012 Notice of Federal Tax Lien, but later filed a Certificate of Release of Federal Tax Lien in 2019 in the wake of Morris's bankruptcy discharge. [1] ¶ 8. In 2024, the IRS filed a Revocation of Release of Federal Tax Lien, explaining that the revocation applied to the 2005 and 2006 tax years. [1] ¶ 8. The IRS then filed a replacement Notice of Federal Tax Lien in 2025. [1] ¶ 8. As of October 6, 2025, the total combined and adjusted liability for defendant's 2005 and 2006 income-tax periods was $28,245.26, with interest thereafter accruing. [1] ¶ 15.

The IRS also assessed federal income taxes against Morris for tax years between 2002 and 2010, resulting in a balance due of $126,620.30 as of October 6, 2025. [1] ¶ 16. After notice and demand, federal tax liens arose in favor of the United States on defendant's property and rights to property. [1] ¶ 17 (citing 26 U.S.C. § 6321).

As part of her bankruptcy petition, Morris reported monthly income that included $1,091 in anticipated Social Security benefits and $540 in retirement pension. [1] ¶ 18. Her pension and rights to Social Security benefits were fully vested. [1] ¶ 18. The IRS released the federal tax lien for these income-tax liabilities, but later recorded revocations reinstating the pre-bankruptcy liens on the property. [1] ¶ 19. The reinstated liens applied only against Morris's property or rights to property

existing before her bankruptcy petition was filed. [1] ¶ 19. According to the complaint, because Morris's right to receive future Social Security and retirement pension benefits were "excluded or exempted from her bankruptcy estate," the United States is entitled to enforce its liens. [1] ¶ 20.

In 2023, Morris filed an adversary complaint seeking to have the bankruptcy court determine that her 2005 and 2006 income-tax liabilities had been discharged. Complaint at 8, *Morris v. United States*, No. 23-239 (Bankr. N.D. Ill. Aug. 12, 2023). On cross-motions for summary judgment, the bankruptcy court found that portions of Morris's unpaid tax liabilities were excepted from discharge. Amended Order on Summary Judgment, *Morris v. United States*, No. 23-239 (Bankr. N.D. Ill. Jan. 28, 2025). The court then denied Morris's motion to alter or amend the order. Order Denying Sarah Morris's Motion to Alter or Amend Order, *Morris v. United States*, No. 23-239 (Bankr. N.D. Ill. July 17, 2025). Shortly after, Morris filed an appeal. That appeal is currently pending. *See* Notice of Appeal, *Morris v. United States*, No. 25-9083 (N.D. Ill. Aug. 1, 2025).

III. **Analysis**

A. **Count I**

The parties agree that Morris's pending bankruptcy appeal will decide whether defendant's 2005 and 2006 income-tax debts were discharged in her Chapter 13 bankruptcy. [7] at 3 (citing [1] ¶ 19 n.4). If Morris is successful in her appeal in that case, she cannot be personally liable for those debts. However, if the debts were not discharged, then the complaint has alleged a plausible claim for relief.

Federal courts have broad authority to issue an injunction where necessary to enforce the internal revenue laws. *See* 26 US.C. § 7402. Further, where an individual has refused or neglected to pay a tax or discharge a liability, district courts have authority to enforce liens of the United States. *See* 26 U.S.C. § 7403. Once the United States has pled that tax assessments were made, their validity is presumed. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Here, the complaint alleges that the IRS made assessments, as well as when the assessments were made and the amounts of the assessments. [1] ¶ 3. This is sufficient to allege Morris's tax liability, particularly where Morris did not challenge the sufficiency of the government's pleadings for this count. *See United States v. Miller*, 93 Fed. App'x 985, 986 (7th Cir. 2004). The complaint states a claim for relief.

Though captioned a motion to dismiss, defendant's request is primarily to stay the present proceedings pending the outcome of her bankruptcy appeal. [7] a 4. Like in her pending appeal, Morris argues here that the income-tax liabilities at issue in Count I were fully discharged after completion of her Chapter 13 plan. [7] at 3–6. Further, in her reply brief, Morris asserts that a money judgment against her would impose hardship whereas the amount she may be liable for is relatively insignificant to the Treasury of the United States. [14] at 14. But while that may be true, showing some "possibility of irreparable injury" is insufficient to justify a stay, particularly where the judgment and harm she fears are not imminent. *See Nken*, 556 U.S. at 434–35.

Morris's argument about judicial economy is also unavailing. Staying this case now will not preserve any resources. Denying a motion to dismiss is not the same as entering a judgment against her. If anything, requiring the parties to proceed with discovery avoids unnecessary delay in the event of an unfavorable outcome against defendant in her pending appeal. Indeed, a bankruptcy judge has already determined that the liens pertaining to Count I are valid, so there are reasons to think that this case should move ahead without delay.

Morris's motion to dismiss (or stay) Count I of the complaint is denied.

### B.      Count II

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount … shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Tax liens remain in effect until the taxes are paid. *See* 26 U.S.C. § 6322. Here, the United States has alleged that Morris "neglected, refused, or failed to pay" certain liabilities "after notice and demand" and that it therefore has enforceable liens against Morris's property. [1] ¶ 17. Morris does not challenge the factual underpinnings of this claim. Instead, she argues that she lacked a property right in her Social Security benefits as of the petition date in her bankruptcy case, and that therefore the United States cannot enforce its liens over this property. [7] at 9–10.

Defendant cites *Hoffman v. City of Warwick*, 909 F.2d 608 (1st Cir. 1990), for the proposition that noncontractual benefits that a recipient has not yet received, but

6

has a mere expectation of receiving, are not property for purposes of § 6321. [7] at 10. But the United States anticipated this argument in its complaint and alleges that Morris "in fact claimed [her Social Security benefits] during the 2014 year because she received a Form 1099-SSA reporting benefits paid to her in that year." [1] ¶ 18 n.2. This allegation is supported by Morris's admission that her receipt of Social Security benefits was necessary to fund her Chapter 13 plan. [14] at 5. Viewing the facts in the light most favorable to the United States, the complaint adequately alleges that Morris had a property right in her Social Security benefits when her bankruptcy petition was filed, and therefore plausibly alleges enforceable liens.

Defendant also moves to dismiss Count II of the complaint on the grounds that the IRS's Release of Federal Tax Lien was binding and the revocation was null and void. [7] at 6–8. In response, the government cites several cases for the proposition that liens that are erroneously released and reinstated may nevertheless be enforced. [13] at 11. Indeed, the Internal Revenue Code provides that a lien that was erroneously released may be reinstated by mailing notice to the debtor and filing notice of such revocation in the same office in which the notice of lien to which it relates was filed. 26 U.S.C. § 6325(f). Whether the government has followed the proper procedures for reinstating its liens is a factual question that cannot be resolved at this stage of the litigation. The United States has plausibly alleged that its liens against defendant are enforceable.

In the alternative, defendant argues that whether Social Security benefits and retirement pension are "excluded" or "exempt" is legally significant. [7] at 9–10.

7

Specifically, defendant dedicates a significant portion of her briefs to arguing that these benefits are property of the estate. True, with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005, a debtor's right to receive Social Security benefits and retirement funds became eligible for exemption. *See* 11 U.S.C. § 522(d)(10), (d)(12). Further, Morris claimed her pension payments as exempt in her bankruptcy filings. [7-5].[2]

But just because such benefits *could* be exempt (or just because Morris listed them as such) does not necessarily mean they were exempted rather than excluded. Even if Morris could establish as a matter of law that the benefits were exempted from her Chapter 13 estate, tax liens are one of the four types of debts that may be enforced against exempt property. 11 U.S.C. § 522(c). Therefore, consistent with the government's allegation that Morris's right to receive future Social Security and pension benefits payments were "excluded or exempted from her bankruptcy estate," the United States has plausibly alleged that its tax liens can attach to these property rights. [1] ¶ 20.

---

[2] Morris's bankruptcy petition and related documents—public court documents—are subject to judicial notice. *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016).

## IV.     Conclusion

Defendant's motion to dismiss, [7], is denied. Defendant shall answer the complaint by August 27, 2026, and the parties shall propose a case schedule in a status report due September 3, 2026.

ENTER:

_Manish S. Shah_ _____

Manish S. Shah

Date: August 6, 2026                                    United States District Judge